ORIGINAL

1  David A. Tilem (Bar No. 103825)
   Brian D. Wirsching (Bar No. 189491)
2  LAW OFFICES OF DAVID A. TILEM
   500 North Brand Blvd., Suite 460
3  Glendale, California 91203
   Telephone: (818) 507-6000
4  Facsimile: (818) 507-6800

5  Attorneys for Wilshire Dunsmuir

FILED

04 DEC 22 PM 3: 30

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

BY_____DEPUTY

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                  **LOS ANGELES DIVISION**

10

11  In re:                          ) Case No. LA 04-35276 BR
                                    )
12                                  ) Chapter 11
                                    )
13                                  ) **MOTION FOR ORDER SHORTENING**
                                    ) **TIME FOR HEARING OF MOTION**
14  DOUGLAS JAMES CHRISTMAS,        ) **FOR RELIEF FROM THE AUTOMATIC**
                                    ) **STAY; DECLARATION IN SUPPORT**
15                                  )
                                    ) Date: To be set
16                                  ) Time: To be set
                                    ) Ctrm: 1668
17                                  )      255 E. Temple St.
                                    )      Los Angeles, CA 90012
18              Debtor.             )
   _____)
19

20      **TO THE UNITED STATES BANKRUPTCY COURT AND ALL OTHER**

21  **INTERESTED PARTIES:**

22      Wilshire Dunsmuir Company, a California general

23  partnership, ("Wilshire Dunsmuir") hereby moves the Court for

24  an Order Shortening Time for the hearing of it's Motion for

25  Relief From the Automatic Stay (Unlawful Detainer) (the "Motion

26  for Relief"), a copy of which is attached as Exhibit "1".

27      This motion for an Order Shortening Time is made pursuant

28  to Local Bankruptcy Rule 9075-1(b).

22 001

I.

**CONTACT INFORMATION FOR OPPOSING PARTIES**

The name, address, telephone and facsimile numbers of counsel for the debtor and debtor-in-possession is:

Robert S. Altagen
Law Offices of Robert S. Altagen, APC
1111 Corporate Center Dr. #201
Monterey Park, CA 91754
Telephone: (323) 268-9588
Facsimile: (323) 268-8742

Wilshire Dunsmuir does not expect that there will be any other opposing party.

II.

**WILSHIRE DUNSMUIR HAS THE RIGHT TO POSSESS THE PROPERTY**

Douglas Christmas ("Debtor") leased from Wilshire Dunsmuir commercial real property located at 5500 - 5522 Wilshire Blvd., Los Angeles, California (the "Property"), which includes 5514 Wilshire Blvd., Second Floor and Mezzanine. Debtor defaulted on the September 2004 rent payment. On September 11, 2004, Wilshire Dunsmuir caused a Notice to Pay Rent or Quit to be served upon the Debtor. Debtor failed to make the required rent payment.

On September 24, 2004, Wilshire Dunsmuir filed an unlawful detainer complaint in the Los Angeles Superior Court, case number BC 322051. The Superior Court held a trial on December 2, 2004. At trial, the Court found in favor of Wilshire Dunsmuir and ordered the lease between Debtor and Wilshire Dunsmuir forfeited. The Court further ordered immediate possession of the Property to Wilshire Dunsmuir. <u>A minute order was entered by the Court on December 2, 2004</u>. A Judgment

1  After Trial was prepared by Wilshire Dunsmuir's counsel and
2  lodged with the Superior Court on December 5, 2004.  Wilshire
3  Dunsmuir is informed and believes that the judge of the
4  Superior Court thereafter went on vacation and promptly signed
5  and entered the Judgment After Trial upon his return on
6  December 13, 2004.

### III.

### THERE IS GOOD CAUSE FOR SHORTENED NOTICE

9  Good cause exists for the Court to hear the Motion for
10  Relief on shorted notice.  The exigency in this matter is based
11  upon Wilshire Dunsmuir's need to obtain possession of the
12  Property before January 14, 2005.  Wilshire Dunsmuir has
13  entered into a contract with a third party to sell the Property
14  for several million dollars.  Wilshire Dunsmuir is obligated
15  under the sale contract to have possession of the Property by
16  January 14, 2005.  Failure by Wilshire Dunsmuir to have
17  possession by January 14, 2005 will result in the loss of the
18  sale.  As this is a relatively large commercial building, there
19  are few entities willing and capable of purchasing the
20  Property.  Loss of the sale by virtue of the Debtor's refusal
21  to vacate the Property will result in significant financial
22  harm to Wilshire Dunsmuir.

### IV.

### THIS IS THE THIRD FILING AFFECTING THE PROPERTY

25  The Debtor filed the instant case on December 7, 2004.
26  This is the third case filed by the Debtor or his affiliates
27  affecting the Property and Wilshire Dunsmuir.  The first case
28  was a Chapter 11 filing by the Debtor on March 30, 1998, case

1 | number LA 98-22223 BR, which was dismissed on June 17, 1998.

2 | The second case was a Chapter 11 filing by the Debtor's
3 | company Douglas Christmas Fine Arts, Inc. on November 11, 1999,
4 | case number LA 99-51107 EC. In that case, Wilshire Dunsmuir
5 | obtained relief from the automatic stay. The case was
6 | dismissed on May 24, 2001.

**V.**

**CONCLUSION**

9 | Case exists for shorten time for the hearing of Wilshire
10 | Dunsmuir's Motion for Relief. After a trial, the Superior
11 | Court ordered possession of the Property to Wilshire Dunsmuir
12 | on December 2, 2004. Wilshire Dunsmuir stands to lose a
13 | contract for the sale of the Property if it does not have
14 | possession of the Property by January 14, 2005. Only by
15 | hearing the Motion for Relief on shortened notice may Wilshire
16 | Dunsmuir comply with the terms of the sale contract.

17 | To the extent that a hearing date is available within 48
18 | hours of the filing of this motion, Wilshire Dunsmuir requests
19 | that the Court consider this an emergency motion within the
20 | meaning of Local Bankruptcy Rule 9075-1(a).

Dated: December 2/, 2004        LAW OFFICES OF DAVID A. TILEM

By: _____
        Brian D. Wirsching
        Attorneys for Wilshire Dunsmuir
        Company

## DECLARATION OF MOUSSA SHAAYA

I, Moussa Shaaya, declare:

1.    I am the trustee of Shaaya Living Trust, a general partner of Wilshire Dunsmuir Company, a California general partnership ("Wilshire Dunsmuir"). I am one of the custodians of the books, records and files of Wilshire Dunsmuir as to those books, records and files that pertain to the rental of the property at issue. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Wilshire Dunsmuir on behalf of Wilshire Dunsmuir, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Wilshire Dunsmuir's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Wilshire Dunsmuir by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

2.    Attached as Exhibit "1" and incorporated herein by this reference is a true and correct copy of the Notice of Motion and Motion for Relief From the Automatic Stay ("Motion for Relief") for which Wilshire Dunsmuir seeks an order shortening time.

3.    On August 1, 2001, Douglas Christmas ("Debtor") leased from Wilshire Dunsmuir commercial real property located at 5500

005

1   - 5522 Wilshire Blvd., Los Angeles, California (the
2   "Property"), which includes 5514 Wilshire Blvd., Second Floor
3   and Mezzanine.

4        4.   Debtor defaulted on the September 2004 rent payment.
5   On September 11, 2004, Wilshire Dunsmuir caused a Notice to Pay
6   Rent or Quit to be served upon Debtor, a copy of which is
7   attached to the Motion for Relief as Exhibit "B". Debtor failed
8   to make the required rent payment.

9        5.   On September 24, 2004, Wilshire Dunsmuir filed an
10  unlawful detainer complaint in the Los Angeles Superior Court,
11  case number BC 322051, a copy of which is attached to the
12  Motion for Relief as Exhibit "C". The Superior Court held a
13  trial on December 2, 2004. At trial, the Court found in favor
14  of Wilshire Dunsmuir and ordered the lease between Debtor and
15  Wilshire Dunsmuir forfeited.  The Court further ordered
16  immediate possession of the Property to Wilshire Dunsmuir. <u>A</u>
17  <u>minute order was entered by the Court on December 2, 2004</u>. A
18  copy of the minute order is a attached to the Motion for Relief
19  as Exhibit "D".

20       6.   A Judgment After Trial was prepared by Wilshire
21  Dunsmuir's counsel and lodged with the Superior Court on
22  December 5, 2004.  Wilshire Dunsmuir is informed and believes
23  that the judge of the Superior Court thereafter went on
24  vacation and promptly signed and entered the Judgment After
25  Possession upon his return on December 13, 2004. A copy of the
26  Judgment After Trial is attached to the Motion for Relief as
27  Exhibit "D".

28  ///

006

1    7.    Wilshire Dunsmuir's requests an order shortening time
2  for the hearing of the Motion for Relief because it needs to
3  obtain possession of the Property before January 14, 2005.
4  Wilshire Dunsmuir has entered into a contract with a third
5  party to sell the Property for several million dollars.
6  Wilshire Dunsmuir is obligated under the sale contract to have
7  possession of the Property by January 14, 2005.  Failure by
8  Wilshire Dunsmuir to have  possession by January 14, 2005 will
9  result in the loss of the sale.  As this is a relatively large
10  commercial building, there are few entities willing and capable
11  of purchasing the Property.  Only by hearing the Motion for
12  Relief on shortened notice may Wilshire Dunsmuir comply with
13  the terms of the sale contract.  Loss of the sale by virtue of
14  the Debtor's refusal to vacate the Property will result in
15  significant financial harm to Wilshire Dunsmuir.

16    8.    The Debtor filed the instant case on December 7, 2004.
17  This is the third case filed by the Debtor or his affiliates
18  affecting the Property and Wilshire Dunsmuir.  The first case
19  was a Chapter 11 filing by the Debtor on March 30, 1998, case
20  number LA 98-22223 BR, which was dismissed on June 17, 1998.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

007

1      9.    The second case was a Chapter 11 filing by the

2   Debtor's company Douglas Christmas Fine Arts, Inc. on November

3   11, 1999, case number LA 99-51107 EC.  In that case, Wilshire

4   Dunsmuir obtained relief from the automatic stay.  The case was

5   dismissed on May 24, 2001.

6      I declare under the penalty of perjury under the laws of

7   the United States that the foregoing is true and correct.

8      Executed on December ____, at _____, California.

9

10                              _____
                                Moussa Shaaya

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

008

EXHIBIT "1"

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Brian D. Wirsching (Bar No. 189491)<br>LAW OFFICES OF DAVID A. TILEM<br>500 North Brand Blvd., Suite 460<br>Glendale, CA 91203<br>Tel: 818-507-6000<br>Fax: 818-507-6800<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Wilshire Dunsmuir Company, a general partnership | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re: DOUGLAS JAMES CHRISTMAS, | CHAPTER: 11 |
| | CASE NO.: LA 04-35276 BR |
| Debtor(s). | DATE:<br>TIME:<br>CTRM: 1668<br>FLOOR: 16TH |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: WILSHIRE DUNSMUIR COMPANY )
### (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) ("Responding Party"), Debtor's(s') attorney, and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☒ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**   ☐ **411 West Fourth Street, Santa Ana**

   ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**

   ☐ **3420 Twelfth Street, Riverside**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

      ☐ at the hearing   ☐ at least _____ court days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

      (3) ☒ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

**F 4001-1M.UD**

009

| In re | (SHORT TITLE) | CHAPTER: | 11 |
|---|---|---|---|
| Douglas Christmas | | | |
| | Debtor(s). | CASE NO.: | LA 04-35276 BR |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 12/21/04

Law Offices of David A. Tilem
*Print Law Firm Name (if applicable)*

Brian D. Wirsching
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | CHAPTER: | 11 |
|---|---|---|---|
| Douglas Christmas | | | |
| | Debtor(s). | CASE NO.: | LA 04-35276 BR |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (Unlawful Detainer)
**(MOVANT:** WILSHIRE DUNSMUIR COMPANY )

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

   *Street Address:* 5500 - 5522, Wilshire Blvd., including 5514 Wilshire Blvd., Second Floor and Mezzanine
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Los Angeles, CA 90036

   The Property is:   ☐ **Residential**   ☒ **Nonresidential**

2. **Case History:**

   a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on *(specify date):* 12/ 7/04

   b. ☐ An Order of Conversion to Chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(specify date):* ~~12/7/04~~ Bw

   c. ☐ Plan was confirmed on *(specify date):*

   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:

      (1) ☒ An unlawful detainer judgment in favor of Movant was entered prepetition.

      (2) ☒ An unlawful detainer proceeding was commenced prepetition.

      (3) ☐ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.

      (4) ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.

      (5) ☐ The lease or other right of occupancy expired by its terms prepetition.

      (6) ☐ The lease has been rejected or deemed rejected by operation of law.

      (7) ☒ Lease payments have not been made since the filing of the petition.

   b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

   c. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

      (1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

      (2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

      (3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re<br>Douglas Christmas | (SHORT TITLE) | CHAPTER: | 11 |
|---|---|---|---|
| | Debtor(s). | CASE NO.: | LA 04-35276 BR |

4. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

   ☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

   ☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☒ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

4. Additional provisions requested:

   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☐ Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

   c. ☒ That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   d. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   e. ☐ For other relief requested, see attached continuation page.

Dated: 12|21|04

Respectfully submitted,

Wilshire Dunsmuir Company
*Movant Name*

Law Offices of David A. Tilem
*Firm Name of Attorney for Movant (if applicable)*

By: _____
    *Signature*

Name:    Brian D. Wirsching
         *Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | CHAPTER: | 11 |
| Douglas Christmas | | | |
| | Debtor(s). | CASE NO.: | LA 04-35276 BR |

## UNLAWFUL DETAINER DECLARATION
### (MOVANT: WILSHIRE DUNSMUIR COMPANY )

I, Moussa Shaaya , declare as follows:

*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☒ Other *(specify)*: I am the trustee of Shaaya Living Trust, general partner of Wilshire Dunsmuir Company

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the Property that is the subject of this Motion is:

   *Street Address:* 5500 - 5522 Wilshire Blvd., including 5514 Wilshire Blvd., Second Floor and Mezzanine
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Los Angeles, CA 90036

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit A . A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Property is: ☐ residential property ☒ nonresidential property
   a. Debtor(s) occupies the Property

   ☐ on a month-to-month tenancy                        ☒ pursuant to a lease that is in default

   ☐ after a foreclosure sale on: _____            ☐ other *(specify)*:

   b. ☒ Debtor(s) has/have failed to pay the monthly rent of $ 41.717.10 _____ since the following date *(specify date)*: 8/4/04

   c. ☒ In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following (*See attached continuation page for itemization*):

   (1) ☐ Common area maintenance charges

   (2) ☐ Property taxes

   (3) ☒ For additional obligations, see attached continuation page. utility charges.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | | CHAPTER: | 11 |
| Douglas Christmas | | Debtor(s). | CASE NO.: | LA 04-35276 BR |

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date)*: 12/7/04

7. Procedural status *(indicate all that apply, and provide dates for completed steps)*:

   a. ☒ Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date)*: 9/11/04
      A true and correct copy of which is attached hereto as Exhibit B____

   b. ☒ Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

      (1) ☒ Movant filed a Complaint for Unlawful Detainer against the Debtor(s), a true and correct copy of which is attached as Exhibit C____, on *(specify date)*: 9/24/04

      (2) ☒ Trial was held on *(specify date)*: 12/2/04

      (3) ☒ An Unlawful Detainer Judgment against the Debtor(s), a true and correct copy of which is attached as Exhibit D____, was entered on the Complaint for Unlawful Detainer on *(specify date)*: 12/2/04

      (4) ☐ A Writ of Possession for the Property, a true and correct copy of which is attached as Exhibit ____ was issued by the state court on *(specify date)*:

   c. ☐ The lease was rejected on _____ *(date)*:

      (1) ☐ by operation of law.

      (2) ☐ by Order of the Court.

   d. ☒ The regular lease payments have not been made since the filing of the petition.

8. ☒ Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because *(specify)*:

   a. ☐ The Property is residential and is not producing income for the Debtor(s).

   b. ☒ The Property is commercial, but no reorganization is reasonably in prospect.

   c. ☒ Other *(specify)*:
      Debtor no longer has the right to possession of the Property and has another location within 3 miles of the Property.

10. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   a. ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

   b. ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

   c. ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

   d. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                                **F 4001-1M.UD**

014

| In re | (SHORT TITLE) | | CHAPTER: | 11 |
|-------|---------------|---|----------|-----|
| Douglas Christmas | | Debtor(s). | CASE NO.: | LA 04-35276 BR |

11. ☒ Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

   a.   Case Name:   In re Douglas Christmas
          Case Number: LA 98-22223 BR     Chapter: 11
          Date Filed: 3/30/98           Date Dismissed: 6/17/98
          Relief from stay re this Property   ☐ was   ☒ was not  granted.

   b.   Case Name:   Douglas Christmas Fine Arts, Inc.  .
          Case Number: LA 99-51107 EC     Chapter: 11
          Date Filed: 11/10/99        Date Dismissed: 5/24/01
          Relief from stay re this Property   ☒ was   ☐ was not  granted.

   c.   ☐ See attached continuation page for more information about other cases.

12. ☒ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

   a.   ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b.   ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

   c.   ☒ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** _____ , _____ , **at** _____ *(city, state).*

Moussa Shaaya
_____
*Print Declarant's Name*                       *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                   **F 4001-1M.UD**

015

Motion for Relief from Stay (Unlawful Detainer) - *Page 7 of* ____        **F 4001-1M.UD**

| In re | (SHORT TITLE) | | CHAPTER: | 11 |
|---|---|---|---|---|
| Douglas Christmas | | Debtor(s). | CASE NO.: | LA 04-35276 BR |

11. ☒ Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

   a.   Case Name:  In re Douglas Christmas
        Case Number: LA 98-22223 BR     Chapter: 11
        Date Filed: 3/30/98          Date Dismissed: 6/17/98
        Relief from stay re this Property    ☐ was   ☒ was not  granted.

   b.   Case Name:  Douglas Christmas Fine Arts, Inc.
        Case Number: LA 99-51107 EC     Chapter: 11
        Date Filed: 11/10/99         Date Dismissed: 5/24/01
        Relief from stay re this Property    ☒ was   ☐ was not  granted.

   c.  ☐ See attached continuation page for more information about other cases.

12. ☒ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

   c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____ , ____ at _____ (city, state).

Moussa Shaaya
*Print Declarant's Name*                               *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                               **F 4001-1M.UD**

016

EXHIBIT "A"

RECORDING REQUESTED BY

#2197 384-65

Stewart Til...  ...

AND WHEN RECORDED MAIL TO

WILSHIRE-DUNSMUIR COMPANY
attention: Allan H. Mannheim
433 North Camden Drive
12th Floor
Beverly Hills, California 90210

MAIL TAX STATEMENTS TO

SAME AS ABOVE

79-1066452

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

SEP 25 1979    AT 8 A.M.

Recorder's Office

FEE
$4

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX DOCUMENTARY    TAX
COMPUTED ON FULL VALUE OF PROPERTY CONVEYED,
OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.

Signature of Declarant or Agent determining tax. Firm Name

DOCUMENTARY    TAX
...    FILED

# GRANT DEED

(Escrow No. ....................)

By this instrument dated ...........  ..    ----  JULY 24TH, 1979 .,   ..................  .. ......., for a valuable consideration,

DIVINE PROPERTY CORPORATION, a Liberian Corporation

hereby GRANTS to

WILSHIRE- DUNSMUIR COMPANY, A GENERAL PARTNERSHIP

the following described Real Property in the State of California, County of... Los Angeles ................................

City of Los Angeles ..... .. ...................    .    ....

Lot 1 of Tract 23023, as per Map recorded in Book 740, pages 86 and 87 of Maps
in the office of the county recorder of said county.

DIVINE PROPERTY CORPORATION, A
LIBERIAN CORPORATION

By: ...........................................
    Dr. Wolfgang Froriep, Secretary

By:............................

018

EXHIBIT "B"

## NOTICE TO PAY RENT OR QUIT

**TO:** DOUGLAS CHRISMAS, an individual; and all others in possession or claiming a right to possession:

YOU ARE HEREBY REQUIRED within ten (10) days after this notice is served upon you either:

> a. To Pay the base rent in connection with your lease of the premises hereinafter described, of which you hold possession, amounting to the sum $41,717.10, being the amount due for the period September 1, 2004, through September 30, 2004; OR

> b. To surrender and deliver up possession of said premises to the undersigned. If you fail to do so, legal proceedings will be commenced against you to recover possession of said premises with such other damages as may be allowed by law.

THE UNDERSIGNED HEREBY DECLARES AND GIVES NOTICE that if said rent is not paid within ten (10) days from the date of service of this notice, the Landlord HEREBY ELECTS TO DECLARE A FORFEITURE of any agreement under which you hold possession of said premises, and will proceed to commence legal action for recovery of possession of said premises and for all monies due and owing under the terms of said lease agreement and will hold you responsible for all expenses incurred in connection therewith.

California law requires that you be given a three (3) day notice in the event of a failure to pay rent. You are being given a ten (10) day notice and, accordingly, are being given in excess of the statutory notice period.

Said premises are known and described as 5514 Wilshire Boulevard, Second Floor and Mezzanine, Los Angeles, California 90036.

Payment pursuant to this notice shall be made payable to "Wilshire-Dunsmeir Company" and shall be sent or delivered to such company at the following address and telephone number: 8797 Beverly Boulevard, # 200, Los Angeles, California 90048; 310-652-1611. Payment may be made in person. The usual days and hours for payment in person are Mondays through Fridays (holidays excepted), 9:00 a.m. to 5:00 p.m.

Dated: September 11, 2004   K. JOSEPH SHABANI, Esq.

By:

K. Joseph Shabani
Attorneys for Landlord
(310) 203-8991

EXHIBIT "C"

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**SUM-130**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Douglas Chrismas, an individual; and DOES 1 TO 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Wilshire Dunsmuir Company, a California general partnership

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| 1. The name and address of the court is: *(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br><br>Los Angeles, CA 90012-3117<br>CENTRAL | **CASE NUMBER:**<br>*(Número del Caso):* BC322051 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard L. Seide      CSB 94677                 949-474-8000
RICHARD L. SEIDE, APC   WSWB-001                949-474-8030
901 Dove Street, Suite 120
Newport Beach, CA 92660

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

| | | |
|---|---|---|
| Date: **SEP 2 4 2004**<br>*(Fecha)* | JOHN A. CLARKE, CLERK by _____, Clerk *(Secretario)* | D.M. Swain _____, Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
   
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] CCP 415.46 (occupant)           [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2004]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 415.456, 1167

023

| PLAINTIFF *(Name):* Wilshire Dunsmuir Company, a California general partnership<br>DEFENDANT *(Name):* Douglas Chrismas, an individual; and DOES 1 TO 10, Inclusive | CASE NUMBER: |
|---|---|

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and ZIP:



   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date):*

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

024

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:

Richard L. Seide · CSB 94677
RICHARD L. SEIDE, APC WSWB-001
901 Dove Street, Suite 120
Newport Beach, California 92660-3018
Newport Beach, CA 92660
TELEPHONE NO.: 949-474-8000 FAX NO. *(Optional)*: 949-474-8030

E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3117
BRANCH NAME: CENTRAL

**ORIGINAL FILED**

SEP 2 4 2004

LOS ANGELES
SUPERIOR COURT

PLAINTIFF: Wilshire Dunsmuir Company, a California general partnership
DEFENDANT: Douglas Chrismas, an individual; and DOES 1 TO 10, Inclusive
[ ] DOES 1 TO _____

**COMPLAINT — Unlawful Detainer***

[ ] COMPLAINT [ ] AMENDED COMPLAINT *(Number)*:

CASE NUMBER:

Jurisdiction *(check all that apply)*:

[ ] ACTION IS A LIMITED CIVIL CASE
    Amount Demanded [ ] does not exceed $10,000
    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

BC322051

1. PLAINTIFF *(names)*: Wilshire Dunsmuir Company, a California general partnership

alleges causes of action against DEFENDANT *(names)*: ALL NAMED DEFENDANTS

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years    (4) [ ] a partnership
                  (2) [ ] a public agency                            (5) [ ] a corporation
                  (3) [X] other *(specify)*: a California general partnership
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendants named above are in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
   5514 Wilshire Blvd., Second Floor and Mezzanine, Los Angeles, CA 90036 (Los Angeles County)
4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify)*:
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: SEE ATTACHMENT 6    defendants *(names)*: ALL NAMED DEFENDANTS

   (1) agreed to rent the premises for a [ ] month-to-month tenancy [ ] other tenancy *(specify)*:
   (2) agreed to pay rent of $ 3       payable [ ] monthly [ ] other *(specify frequency)*:
       The rent is due on the [ ] first of the month [ ] other day *(specify)*:
   b. This [ ] written    [ ] oral agreement was made with
      (1) [ ] plaintiff                           (3) [ ] plaintiff's predecessor in interest
      (2) [ ] plaintiff's agent                   (4) [ ] other *(specify)*:
   c. [ ] The defendants not named in item 6a are
      (1) [ ] subtenants (2) [ ] assignees (3) [ ] other *(specify)*:
   d. [ ] The agreement was later changed as follows *(specify)*:

   e. [ ] A copy of the written agreement is attached and labeled Exhibit 1.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
982.1(90) [Rev. July 1, 2002]

COMPLAINT — Unlawful Detainer

Legal
Solutions
@ Plus

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12

025

PLAINTIFF (Name): Wilshire Du..miuir Company, a.California general partnership
DEFENDANT (Name): Douglas Chrismas, an individual; and DOES 1 TO 10, Inclusive

CASE NUMBER:

7. [X] a. Defendants (names): ALL NAMED DEFENDANTS
were served the following notice on the same date and in the same manner:
(1) [ ] 3-day notice to pay rent or quit                 (4) [ ] 3-day notice to quit
(2) [ ] 3-day notice to perform covenants or quit        (5) [ ] 30-day notice to quit
(3) [X] other (specify): 10 DAY NOTICE TO PAY RENT OR QUIT
b. (1) On (date): September 11, 2004      the period stated in the notice expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.
c. All facts stated in the notice are true.
d. [X] The notice included an election of forfeiture.
e. [X] A copy of the notice is attached and labeled Exhibit 2 A
f. [ ] One or more defendants was served (1) with a different notice, or (2) on a different date, or (3) in a different manner,
as stated in attachment 7f. (Check item 8c and attach a statement providing the information required by items 7a-e
and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendants named in item 7a as follows:
(1) [ ] by personally handing a copy to defendant on (date):
(2) [X] by leaving a copy with (name or description): Receptionist                              , a person
of suitable age and discretion, on (date): 09/11/04     at defendant's [ ] residence  [X] business
AND mailing a copy to defendant at defendant's place of residence business on (date): 09/11/04
because defendant cannot be found at defendant's residence or usual place of business.
(3) [ ] by posting a copy on the premises on (date):              { [ ] and giving a copy to a person found
residing at the premises) AND mailing a copy to defendant at the premises on (date):
(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
(b) [ ] because no person of suitable age or discretion can be found there.
(4) [ ] (not for 3-day notice; see Civil Code section 1946 before using) by sending a copy by certified or registered
mail addressed to defendant on (date):
(5) [ ] (not for residential tenancies; see Civil Code section 1953 before using) in the manner specified in a written
commercial lease between the parties.
b. [ ] (Name):                                . was served on behalf of all defendants who signed a joint written rental agreement.
c. [ ] Information about service of notice on the defendants named in item 7f is stated in attachment 8c.
9. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [X] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ SEE ATTACHMENT 10
11. [X] The fair rental value of the premises is $ 1,390.57  per day.
12. [ ] Defendants' continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure
section 1174(b). (State specific facts supporting a claim up to $600 in attachment 12.)
13. [X] A written agreement between the parties provides for attorney fees.
14. [ ] Defendants' tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and
date of passage):

Plaintiff has met all applicable requirements of the ordinances.
15. [X] Other allegations are stated in attachment 15.
16. Plaintiff remits to the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
a. possession of the premises.                          f. [X] damages at the rate stated in item 11 from
b. costs incurred in this proceeding.                         (date): October 1, 2004      for each day
c. [X] past due rent of $ SEE ATTACHMENT 10                   defendants remain in possession through entry of judgment.
d. [X] reasonable attorney fees.                        g. [ ] statutory damages up to $600 for the conduct alleged in item 12.
e. [X] forfeiture of the agreement.                     h. [ ] other (specify):

18. [X] Number of pages attached (specify):

| PLAINTIFF (Name): Wilshire Dunsmuir Company, a California general partnership | CASE NUMBER: |
| DEFENDANT (Name): Douglas Chrismas, an individual; and DOES 1 TO 10, Inclusive | |

UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400-6415)

19. *This item must be answered in all cases.* An unlawful detainer assistant  [X] did not  [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*
a. Assistant's name:                                    b. Telephone No.:
c. Street address, city, and ZIP:

d. County of registration:              e. Registration No.:              f. Expires on *(date):*

Richard L. Seide          CSB 94677          ▶
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:
                                                            ▶
SEE ATTACHED VERIFICATION
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)

In or about August, 2001, Plaintiff, as landlord, entered into a written lease (the "Lease") with Defendant, as tenant. Defendant currently occupies the premises located at 5514 Wilshire Boulevard, Second Floor and Mezzanine, Los Angeles, California 90036. Monthly base rent is currently the sum of $41,717.10, due on the first of the month.

Richard L. Seide
RICHARD L. SEIDE, APC
901 Dove Street, Suite 120, Newport Beach, CA 92660
(949) 474-8000

## ATTACHMENT 10

Base rent in the sum of $41,717.10 is due for the period September 1, 2004, through September 30, 2004.

1

## ATTACHMENT 15 TO COMPLAINT:

2

3       The above entitled Court is the proper Court for the

4    commencement of this action as the real property is in fact

5    located in the County of Los Angeles, State of California, within

6    the jurisdiction of the above entitled Court. This action is not

7    subject to the provisions of Section 1812.10 or 2984.4 of the

8    Civil Code of California.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE TO PAY RENT OR QUIT

TO:    DOUGLAS CHRISMAS, an individual; and all others in possession or claiming a right to possession:

YOU ARE HEREBY REQUIRED within ten (10) days after this notice is served upon you either:

>    a.    To Pay the base rent in connection with your lease
>    of the premises hereinafter described, of which you hold
>    possession, amounting to the sum $41,717.10, being the
>    amount due for the period September 1, 2004, through
>    September 30, 2004; OR
>
>    b.    To surrender and deliver up possession of said
>    premises to the undersigned.  If you fail to do so, legal
>    proceedings will be commenced against you to recover
>    possession of said premises with such other damages as
>    may be allowed by law.

THE UNDERSIGNED HEREBY DECLARES AND GIVES NOTICE that if said rent is not paid within ten (10) days from the date of service of this notice, the Landlord HEREBY ELECTS TO DECLARE A FORFEITURE of any agreement under which you hold possession of said premises, and will proceed to commence legal action for recovery of possession of said premises and for all monies due and owing under the terms of said lease agreement and will hold you responsible for all expenses incurred in connection therewith.

031

California law requires that you be given a three (3) day notice in the event of a failure to pay rent. You are being given a ten (10) day notice and, accordingly, are being given in excess of the statutory notice period.

Said premises are known and described as 5514 Wilshire Boulevard, Second Floor and Mezzanine, Los Angeles, California 90036.

Payment pursuant to this notice shall be made payable to "Wilshire-Dunsmeir Company" and shall be sent or delivered to such company at the following address and telephone number: 8797 Beverly Boulevard, # 200, Los Angeles, California 90048; 310-652-1611. Payment may be made in person. The usual days and hours for payment in person are Mondays through Fridays (holidays excepted), 9:00 a.m. to 5:00 p.m.

Dated: September 11, 2004   K. JOSEPH SHABANI, Esq.

By:

K. Joseph Shabani
Attorneys for Landlord
(310) 203-8991

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing COMPLAINT - UNLAWFUL DETAINER

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am ☐ an Officer ☐ a partner _____ [X] a Trustee _____ of Shaava Living Trust, general partner of Plaintiff

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true,

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on    9/22/04    , at _____ Los Angeles _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Moussa Shaava
_____
Type or Print Name

Signature

**PROOF OF SERVICE**

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.

The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus    Rev. 7/99

033

EXHIBIT "D"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/02/04 | | DEPT. 47 |
| HONORABLE Aurelio Munoz    JUDGE | Y. GRIFFIN | DEPUTY CLERK |
| HONORABLE #7    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| V. ANDRADE, C.A.    Deputy Sheriff | L.R.MACHUCA, CSR 12274 | Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC322051 | Plaintiff Counsel | KENNETH B. LANGE, [X] RICHARD L. SEIDE, [X] |
| | WILSHIRE DUNSMUIR COMPANY VS DOUGLAS CHRISMAS | Defendant Counsel | ROBERT S. ALTAGEN, [X] MICHELE O. SAADEH, [X] |

**NATURE OF PROCEEDINGS:**

COURT TRIAL    CIVIL    (UNLAWFUL DETAINER)

Cause called for trial.

Both sides makes an opening statement.

Moussa Shaaya is sworn and testifies for the Plaintiff.

Plaintiff's Exhibit 1 (lease), 2 (notice to pay rent or quit) and 3 ( return check and slip) are marked for identification and later admitted in evidence.

Ruben Pardo is sworn and testifies for Plaintiff.

Plaintiff rest.

Defendant's motion to dismiss case on grounds that Plaintiff has failed to establish a Prima Facie case is heard, argued and DENIED.

Plaintiff's motion to amend complaint to conform to proof is heard and granted.

Douglas Chrismas is sworn and testifies on his own behalf.

Defendant's Exhibit A (letter dated 9/20/04) is marked for identification and later admitted into evidence.

Page    1 of    3    DEPT. 47

MINUTES ENTERED
12/02/04
COUNTY CLERK

035

DATE: 12/02/04            DEPT. 47

HONORABLE Aurelio Munoz     JUDGE Y. GRIFFIN    DEPUTY CLERK

HONORABLE #7       JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR

V. ANDRADE, C.A.    Deputy Sheriff   L.R. MACHUCA, CSR 12274    Reporter

9:00 am BC322051

| | |
|---|---|
| Plaintiff | KENNETH E. LANGE, [X] |
| Counsel | RICHARD L. SEIDE, [X] |

WILSHIRE DUNSMUIR COMPANY
VS
DOUGLAS CHRISMAS

| | |
|---|---|
| Defendant | ROBERT S. ALTAGEN, [X] |
| Counsel | MICHELE O. SAADEH, [X] |

**NATURE OF PROCEEDINGS:**

Both sides rest.

Moussa Shaaya previously sworn resumes his testimony on rebuttal.

The Counsel makes closing argument.

The Court grants judgment in favor of Plaintiff, Wilshire-Dunsmuir Company and against Defendant, Douglas Chrismas in the total sum of $132,919.24. with the break down as follows:

1. Unpaid Rent (per notice)   $ 41,717.10
2. Daily Damages for period     87,605.91
   10/1/04 - 12/2/04 at
   $1,390.57 per day
3. Attorney fees              3,183.23
4. Costs                    413.23

       For a total of $   132,919.24

The Court orders the lease between the Plaintiff and Defendant forfeited and orders immediate possession of said premises to the Plaintiff as more fully reflected on official notes of the court reporter.

All Exhibits are returned to the offering party to be maintained in their current condition until statutory time for appeal has elapsed.

Page 2 of 3    DEPT. 47

MINUTES ENTERED
12/02/04
COUNTY CLERK

036

⊿ 004

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/02/04 | | | DEPT. 47 |
|---|---|---|---|
| HONORABLE Aurelio Munoz | JUDGE | Y. GRIFFIN | DEPUTY CLERK |
| HONORABLE #7 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| V. ANDRADE, C.A. | Deputy Sheriff | L.R.MACHUCA, CSR 12274 | Reporter |

| 9:00 am | BC322051 | | Plaintiff | KENNETH E. LANGE, [X] |
|---|---|---|---|---|
| | | | Counsel | RICHARD L. SEIDE, [X] |
| | WILSHIRE DUNSMUIR COMPANY VS DOUGLAS CHRISMAS | | Defendant | ROBERT S. ALTAGEN, [X] |
| | | | Counsel | MICHELE O. SAADEH, [X] |

**NATURE OF PROCEEDINGS:**

Counsel for Plaintiff is to prepare proposed judgment.

Defendant's oral motion to stay the judgment until a Motion for relief according to CCP Section 1179 can be heard is heard and GRANTED.

Defendant's Motion for Relief pursuant to section 1179 of the Code of Civl Procedure is set for 12/13/04 at 10:00 a.m. in Department 47. Moving Papers to be filed by 12/7/04 and Opposition is due by 12/9/04. Service by facsimile is okay.

The Court's ruling and judgment is stayed until above hearing date 12/13/04.

Page 3 of 3 DEPT. 47

MINUTES ENTERED
12/02/04
COUNTY CLERK

037

F.)-

RECEIVED
DEC 05 2004
DEPT. 47

1  RICHARD L. SEIDE
2  RICHARD L. SEIDE, APC
   901 Dove Street, Suite 120
   Newport Beach, California 92660-3018
   949-474-8000

4  Attorney for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

**DEC 13 2004**

JOHN A. CLARKE, CLERK
*Ruby L. Maya*

6

7  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS. ANGELES

8  CENTRAL DISTRICT

9

10

11  WILSHIRE DUNSMUIR COMPANY,        ) Case No. BC 322051
    etc.,                            )
12                                   )
              Plaintiff,             )
13                                   ) JUDGMENT AFTER TRIAL
         v.                          )
14                                   )
    DOUGLAS CHRISMAS, etc., et al.,  )
15                                   )
              Defendants.            )
16                                   )

17

18      The above entitled matter came on regularly for trial on
19  December 2, 2004, in Department 47 of the above entitled court,
20  the Honorable Aurelio Munoz, Judge Presiding. The parties
21  appeared by and through their counsel of record. After
22  considering the testimony of the parties' witnesses and the
23  exhibits admitted into evidence, the Court hereby awards judgment
24  in favor of Plaintiff Wilshire Dunsmuir Company, a California
25  general partnership, and against Defendant Douglas Chrismas, for
26  the following:

27      1.  Restitution and possession of the real property premises
28  located at 5514 Wilshire Boulevard, Second Floor and Mezzanine, Los

-1-

Judgment After Trial

038

1 | Angeles, California 90036;

2 | 2. Forfeiture of the lease under which said Defendant occupies,

3 | or claims an interest in, said premises;

4 | 3. Rent and damages in the total sum of $129,323.01;

5 | 4. Attorneys fees of $3,183.23; and

6 | 5. Costs of $413.00.

7 | DATED: 12/13, 2004

Aurelio Munoz, Judge of the
8 | Superior Court

9
10
11
12
13
14
15
16
17
·18
19
20
21
22
23
24
25
26
27
28

-2-

Judgment After Trial

039

1 ## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

    I, Maria Castaños, am employed in the aforesaid County; I am over the age of 18 years
4 and not a party to the above-entitled action; my business address is 901 Dove Street, Suite 120, Newport
Beach, California 92660-3018.

5

    On December 2, 2004, I served the document described as **JUDGMENT AFTER**
6 **TRIAL** on interested parties as follows:

7

    Robert S. Altagen
8     LAW OFFICES OF ROBERT S. ALTAGEN
    1111 Corporate Center Dr., Suite 201
9     Monterey Park, CA 91754
    FAX: 323-268-8742

10

11   **X**   **BY FACSIMILE**

12     I sent a true and correct copy of the document to each person listed on the attached
service list via facsimile at the facsimile number listed below each name. I reviewed the
13 confirmation page for each of the facsimiles and confirmed that each facsimile
transmittal had been successfully completed.

14
  **X**   **BY MAIL**
15

    I am "readily familiar" with the firm's practice of collection and processing
16 correspondence for mailing. Under that practice, it would be deposited with the U.S.
Postal Service on that same day, with postage thereon fully prepaid, at Newport Beach,
17 California, in the ordinary course of business. I am aware that, on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is
18 more than one day after date of deposit for mailing an affidavit.

19     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
20

    EXECUTED on December 2, 2004, at Newport Beach, California.
21

22                                 Maria Castaños

23

24

25

26

27

28